Susan **BRADLEY** et al., Plaintiffs,

v.

**HORTONVILLE VIGILANTES**, an unincorporated association of armed citizens, et al., Defendants.

No. 74–C–375.

United States District Court,
E. D. Wisconsin.

March 17, 1975.

Thomas W. St. John, Samson, Friebert, Finerty & Burns, Milwaukee, Wis., for plaintiffs.

John G. Wylie, Patterson, Jensen, Wylie & Silton, Appleton, Wis., for John Does.

Herrling, Clark & Hartzheim, Don R. Herrling, Appleton, Wis., for Spice.

Jack D. Walker, Melli, Shiels, Walker & Pease, Madison, Wis., for Weihing.

Lathrop & Braithwaite, David Braithwaite, Hortonville, Wis., for Jones.

William J. Schuh, Corp. Counsel, Appleton, Wis., for Sheriff.

## ORDER

MYRON L. GORDON, District Judge.

This is a "motion for leave to file an amended complaint" pursuant to Rule 15(a), Federal Rules of Civil Procedure. According to the plaintiffs

"There is no change in substance concerning the causes of action alleged, but merely changes in the descriptions of the parties and the organization of the Complaint. The class action aspect of the original Complaint has been discarded in lieu of naming all the teachers who were picketing on the morning of September 5, 1974, and who claim to have had their rights interferred [sic] with. The Hortonville Vigilantes have been dropped as a named defendant, as have been the John Does. In their place the Amended Complaint names individuals who are alleged to have been involved in the incident and who have been previously identified to the Court as John Does and members of the Vigilantes. [Sheriff] Calvin

Spice has been dropped as a named defendant as a result of further information that has become available to the plaintiffs regarding the nature of his activities on the morning in question.

"Finally, the Complaint has been reorganized to state separate causes of action arising under 42 U.S.C. §§ 1983, 1985 and 1986."

■ The defendants Roger Weihing and Douglas Jones—Hortonville board of education president and chief of police, respectively—claim that Calvin Spice should remain a party defendant because, as a law enforcement officer, his presence is relevant to the issues "respecting the level of policing" in this matter. The complaint alleges the existence of a conspiracy on the part of law enforcement officials which resulted in the deprivation of the plaintiffs' constitutional rights.

The plaintiffs' position is that

"We have been able to satisfy ourselves that Sheriff Spice' absence [from the scene of the disturbances which gave rise to this action], as opposed to [the absence of] Chief Jones', was not the result of an agreement between the defendants. . . . It is our understanding that he was operating, in good faith, under a new policy whereby he would appear at the picketing site only when requested to by the local law enforcement officer."

I am persuaded that defendant Spice was misjoined as a party defendant and that he should be dropped. Rule 21; 3A Moore's Federal Practice ¶ 21.-03[1]. Sheriff Spice agrees that he should be dropped, but maintains that he is entitled to an order of dismissal with costs. Rule 21 provides that:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

■■ Construing sheriff Spice's demand for "costs" as a request for terms, I conclude that such request should be denied. The "dropping" of Calvin Spice as a party defendant pursuant to Rule 21 is tantamount to a voluntary dismissal without prejudice, pursuant to Rule 41. Costs are available following a dismissal initiated by the plaintiff only when a new action is commenced based upon or including the same claim.

Several motions to dismiss have been submitted with respect to the original complaint. Sheriff Spice's motion to dismiss is rendered moot with the filing of the amended complaint. Each of the remaining defendants shall have thirty days from the date of this order within which to respond anew to the amended complaint or to request that his original motion to dismiss, supplemented where necessary, should be considered applicable to the amended complaint.

Therefore, it is ordered that the plaintiffs' motion for leave to file an amended complaint be and hereby is granted.

It is also ordered that the defendant Calvin Spice be and hereby is dropped from these proceedings pursuant to Rule 21, without the assessment of terms against the plaintiffs.